JOHN DICKINSON, PLAINTIFF, *v.* ELLEN VANDERPOEL
AND ANOTHER, DEFENDANTS.

*Non-joinder of parties plaintiff — how defect must be taken advantage of.*

This action was brought by the plaintiff, the lessee of a store, to recover damages for injuries to his goods, occasioned by the heat from a steam boiler, placed in the basement of the building by the defendant, his lessor. Upon the trial it appeared that the plaintiff had a partner, and that the property injured belonged to the firm. The court dismissed the complaint on the ground of the non-joinder of the partner. *Held*, that this was error. When the defense of non-joinder of parties plaintiff exists, and is not disclosed by the complaint, it must be set up in the answer.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term. The plaintiff took a lease of certain basement rooms, in the city of New York, from the defendants, and occupied them as a place for selling stationery and toys. Shortly after the plaintiff went into possession of the rooms, the defendants caused to be constructed, in the cellar of the building, a heating apparatus, which generated so much heat as to greatly injure the plaintiff's stock of stationery and toys. Upon the trial it appeared that, prior to the making of the lease, the plaintiff and one Dunscomb formed a partnership to hire the premises and sell toys and stationery therein, and that the lease was taken on account of the partnership, in the name of the plaintiff. That the busi-

ness of the partnership was prosecuted therein, from the time of taking possession until some time after the commencement of this action, and that the property injured was partnership stock. The court dismissed the complaint on the ground that Dunscomb was a necessary party plaintiff.

*James L. Campbell* and *C. C. Wust*, for the plaintiff.

*Tracy & Tallmadge*, for the defendants.

TALCOTT, J.:

This is an action brought by the plaintiff, who was, in form at least, the sole lessee of certain premises, to recover damages against the lessors, for placing a steam boiler under the premises leased to the plaintiff, whereby, as alleged, the plaintiff's goods, in the store above, were injured and damaged by excessive heat. It appeared on the trial that the plaintiff had a partner in the business. The non-joinder of such partner was not, in any manner, disclosed by either the complaint or answer. The rule seems to be well settled, that when the defense of non-joinder of parties plaintiff exists, and is not disclosed by the complaint, it must be brought forward in the answer.* The judge at the trial dismissed the complaint, upon the ground of the non-joinder of the partner. This was erroneous whether the plaintiff would have been able to maintain the action in his sole name or not, if all the facts had been pleaded. This is a motion for a new trial, the exception having been sent to the General Term, in the first instance.

A new trial is ordered; costs to abide the event.

Present—BARNARD, P. J., TALCOTT and TAPPEN, JJ.

New trial ordered, costs to abide event.

* Bank of Havana v. Magee, Op. of COMSTOCK, J., 20 N. Y., 362; Zabriskie v. Smith, 13 id., 322; Code, §§ 147, 148.